UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MSW MEDIA, INC. and FIRST AMENDMENT COALITION,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DOGE SERVICE and OFFICE OF MANAGEMENT AND BUDGET,<br>　　　　　Defendants. | Case No. 1:25-cv-1933 |

## JOINT STATUS REPORT

In accordance with the Court's Order dated June 25, 2025, the parties submit the following joint status report:

1. In this action, two organizations seek relief under the Freedom of Information Act ("FOIA"). At issue are three FOIA requests that Plaintiffs submitted to the United States DOGE Service ("USDS") in February and March 2025. Plaintiffs seek an order directing USDS to release all requested records and to accept electronic requests submitted through the FOIA.gov portal. Plaintiffs also allege that USDS and the Office of Management and Budget ("OMB") have engaged in an ongoing pattern or practice to refuse to allow electronic FOIA requests to USDS; they seek another order compelling OMB to allow such requests and requiring USDS to accept electronic requests.

2. Plaintiffs filed this action in the Northern District of California. That Court granted Defendants' motion to transfer the case to this Court.

3. The parties' respective positions on next steps in this case are as follows.

**Defendants' Position**

4. Defendants respectfully request that the Court stay further proceedings until

a final decision is rendered on the Government's challenge to the plaintiff's attempts to obtain discovery in *Citizens for Responsibility and Ethics in Washington ("CREW") v. United States DOGE Service ("USDS") et al.*, 349 F.R.D. 1 (Apr. 15, 2025) (Cooper, J.), *on Petition for Writ of Mandamus*, No. 25-5130 (D.C. Cir.) (hereafter, "the *CREW* case").

5. To date, in addition to this case, plaintiffs in at least seven distinct cases have brought claims pursuant to FOIA's cause of action, 5 U.S.C. § 552(a)(4)(B), on the theory that USDS is an "agency" subject to FOIA. In addition to this case, six of those cases are pending in the U.S. District Court for the District of Columbia. They are, chronologically: (1) *Ctr. for Biological Diversity v. OMB*, No. 1:25-cv-165 (D.D.C. filed Jan. 20, 2025) (Howell, J.); (2) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 1:25-cv-409 (D.D.C. filed Feb. 11, 2025) (Howell, J.); (3) *CREW v. U.S. DOGE Serv.*, No. 1:25-cv-511 (D.D.C. filed Feb. 20, 2025) (Cooper, J.); (4) *MSW Media, Inc. v. USDS*, No. 1:25-cv-01933 (D.D.C. filed Mar. 28, 2025) (Boasberg, J.); (5) *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 1:25-cv-1251 (D.D.C. filed Apr. 23, 2025) (Contreras, J.); and (6) *Project on Gov't Oversight, Inc. v. U.S. DOGE Serv.*, 1:25-1295 (D.D.C. filed Apr. 28, 2025) (Howell, J.). In addition, another case pending before this Court raises the same issue in the context of the Federal Records Act. *See POGO v. Trump*, et al, No. 25-527 (JEB) (D.D.C.) (Boasberg, J.).

6. In this case, Plaintiffs' claims cannot proceed unless the Court concludes that USDS is an agency subject to FOIA. That goes for Plaintiffs' claim against OMB as well: among many other defects associated with that claim, OMB cannot be compelled to accept electronic FOIA requests for USDS if USDS is not subject to FOIA in the first place. Given this threshold issue, it is appropriate to stay this case pending further proceedings in

the *CREW* case. To understand why, we provide a summary of past and future proceedings in that case.

7.   In the *CREW* case, CREW sent an expedited FOIA request to USDS, which USDS denied on the grounds that it is not an agency subject to FOIA. *See CREW v. USDS et al.*, 769 F. Supp. 3d 8, 16 (D.D.C. Mar. 10, 2025). CREW sought a preliminary injunction directing USDS to process the FOIA request by March 10, 2025. *Id.* at 17. The district court denied CREW's request for a March 10, 2025, production deadline, but nonetheless ordered "expedited processing" of the FOIA request. *Id.* at 18. In doing so, the Court held that "CREW has established a likelihood of success on the merits of its argument that USDS is subject to FOIA." *Id.* at 18, 23–26. Because its agency status under FOIA had not been fully briefed or argued, USDS filed a motion for summary judgment on this issue. No. 1:25-cv-511, ECF 24 (Mar. 19, 2025).

8.   CREW, in turn, sought extensive, expedited discovery concerning USDS, including depositions, interrogatories, requests for admission, and requests for production. No. 1:25-cv-511, ECF 27 (Mar. 27, 2025). USDS objected that discovery was unwarranted because "[USDS's] charter documents demonstrate that it does not have" legal authority sufficient to make it an agency under FOIA. *Id.*, ECF 34 (Apr. 8, 2025). Defending its requests, CREW contended that USDS has "influence" over the entire Executive Branch and that discovery was necessary "to ascertain how DOGE is actually influencing agency action." *Id.*, ECF 35 at 3, 6 (Apr. 10, 2025). The district court granted CREW's motion in substantial part. 349 F.R.D. 1 (Apr. 15, 2025). Of note, the district court accepted CREW's central contention that FOIA status depends on the extent of an entity's "influence" within the Executive Branch. *E.g.*, *id.* at 8 ("If Agency DOGE teams are complying with orders

from USDS leadership, that speaks to USDS's influence over other federal agencies."); *id.* at 9 (describing key question as "whether USDS employees are using that access [to federal agencies] to influence those agencies").

9. After the D.C. Circuit denied USDS's petition for a stay or writ of mandamus, USDS sought relief from the Supreme Court, which granted the Government's stay application on June 6, 2025. *U.S. DOGE Serv. v. CREW*, 2025 WL 1602338, 145 S. Ct. 1981, 1981–82 (U.S. June 6, 2025) (Mem.). Namely, the Supreme Court held that, "[t]he portions of the District Court's April 15 discovery order that require the Government to disclose the content of intra-Executive Branch USDS recommendations and whether those recommendations were followed is not appropriately tailored." *Id.* at 1982. Because an Executive Branch entity's status under FOIA turns on its *formal* legal authority, it held that "[a]ny inquiry into whether an entity is an agency for the purposes of [FOIA] cannot turn on the entity's ability to persuade." *Id.* "Furthermore," it held, "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications." *Id.* The Supreme Court remanded to the D.C. Circuit, directing the court of appeals to "take appropriate action to narrow the April 15 discovery order consistent with this order." *Id.* The district court's April 15 order granting CREW's motion for discovery was thus stayed "pending remanded consideration at the Court of Appeals, and disposition of the petition for a writ of certiorari, if such writ is timely sought." *Id.*

10. After the Supreme Court's remand, CREW filed a motion for summary disposition in the D.C. Circuit, proposing to abandon seven of its discovery requests but otherwise asking the D.C. Circuit to allow the remaining discovery to go forward. *See In*

4

*re U.S. DOGE Serv., et al.*, No. 25-5130, Dkt. 2121424 (D.C. Cir. June 18, 2025). The Government opposed CREW's motion, arguing that "to the extent any discovery is appropriate at all, it must be exceedingly limited"; namely, "[s]ince the relevant legal question turns entirely on formal legal authority, discovery and depositions are simply not necessary to determine whether USDS wields substantial authority independent of USCA." *Id.*, Dkt. 2122282, at 3, 9–10 (June 25, 2025). Thus, the scope of discovery (if any) concerning whether USDS is an agency subject to FOIA is thus now before the D.C. Circuit—whose determination will bind this Court. That determination is likely to result in a holding that defines the appropriate scope of inquiry into the core legal question at issue in this case—whether USDS wields substantial independent authority. And the district court's discovery orders, to the extent modified by the D.C. Circuit, will remain stayed pending disposition by the Supreme Court of a petition for writ of certiorari. 145 S. Ct. at 1982.

11.   Given this posture in the *CREW* case, a temporary stay of district court proceedings until the D.C. Circuit completes its remanded consideration of the district court's discovery orders in the *CREW* case—and until the Supreme Court's disposition of any timely filed petition for writ of certiorari—would serve the interests of judicial economy and efficiency. A stay would likely narrow the issues in this case and resolve the scope of any discovery request.

12.   Most obviously, the D.C. Circuit's resolution of CREW's pending motion for summary disposition, and the Supreme Court's resolution of any petition for certiorari, will directly affect (if not dictate) the answers to the questions: (i) whether any discovery is necessary and appropriate to resolve USDS's agency status under FOIA, and (ii) if the

answer is yes, the scope of such discovery. But the relevance of these future proceedings is not limited to questions of discovery. That is because the question of whether any discovery to USDS is warranted—and if so, the scope of that discovery—is logically intertwined with the underlying legal framework for what makes an entity an agency under FOIA. Indeed, in the *CREW* case the Supreme Court has already held—in correcting the district court's analysis—that a component's agency status depends on its formal authority, not its ability to persuade. Appellate guidance on these issues is highly likely to affect this Court's resolution of this case.

13.  By contrast, requiring Defendants to continue to defend this action in district court without waiting for appellate resolution of the issues raised here would be inefficient, particularly since there is a significant likelihood that any analysis the Court be provide in the interim would be superseded at least in part by decisions from the D.C. Circuit and/or the Supreme Court. Moreover, there is no reason for four different judges on this court to spend time resolving the identical legal issue. Nor would it be appropriate for USDS to be subjected to the discovery (if the D.C. Circuit and Supreme Court so hold) in seven different cases in pursuit of resolving the identical legal issue. The case before Judge Cooper, pending in the D.C. Circuit, will almost certainly dictate the result.

14.  Thus, a temporary stay to await such resolution is warranted. Defendants also suggest that the parties provide status reports to the Court every 60 days on the status of that litigation, or at such other intervals as the Court may direct.

*Plaintiffs' Position*

15.  Plaintiffs agree that this Court should be stayed *in part* until the D.C. Circuit completes its remanded consideration of the district court's discovery orders in the *CREW*

case. However, Defendants have already agreed "to stay the case while exempting Plaintiffs' right to seek interim relief regarding retention of the Musk records at issue in Plaintiffs' Third Cause of Action, *provided that* said agreement does not prejudice Defendants' right to oppose any said request by Plaintiffs." (Defs.' Reply. Supp. Mot. Dismiss or Transfer 1st Am. Compl.; Altern.; Mot. Stay, Dkt. #31, at 13 (filed June 17, 2025).)

16. As explained in Plaintiffs' Opposition the first time Defendants requested this stay, due to the fact that Elon Musk ("Musk") no longer works for the Government, but Count 3 pertains to records from the cell phone he used to conduct official Government business (which may or may not be Government property), "Plaintiffs believe that records responsive to Count 3 are at risk of being destroyed or removed from Government custody absent an order from the Court. Therefore, in the near future, after an attempt to negotiate with Defendants, Plaintiffs will likely file a motion asking the Court to order the Government to obtain all potentially responsive records from Musk's cell phone to ensure that they are not destroyed." (Pls.' Opp'n Defs.' Mot. Dismiss or Transfer 1st Am. Compl. &, Altern., Mot. Stay, Dkt. #22, at 8 (filed June 10, 2025).)

17. Plaintiffs agreed to wait to discuss this matter with Defendants' previous counsel until after he filed his reply brief, but when Judge Martinez-Olguin immediately granted the Government's motion and transferred this case to this Court, Defendants became unrepresented. Defendants' new counsel did not contact Plaintiffs' undersigned counsel until yesterday to discuss this Joint Status Report, and then only after the undersigned contacted the Chief of the Civil Division at the U.S. Attorney's Office. Plaintiffs expect that the parties will likely confer regarding this issue next week.

18. Accordingly, since the parties have previously agreed that the records preservation issue should be excluded from any stay, Plaintiffs encourage this Court to issue the stay requested by Defendants with that explicit caveat.

19. Plaintiffs have also filed a notice of related case, identifying the *CREW* case as a related case, for many of the same reasons identified by Defendants above.

Dated: July 2, 2025                                        Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ Andrew M. Bernie
Andrew M. Bernie
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-7203
andrew.m.bernie@usdoj.gov

*Attorneys for Defendants*

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Attorney for Plaintiffs*