## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MSW MEDIA, INC., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-01933 (JEB) |
| | * | |
| U.S. DOGE SERVICE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S MOTION FOR PRESERVATION ORDER

NOW COMES Plaintiff First Amendment Coalition ("FAC") to respectfully move this Court to order Defendant United States DOGE Service ("USDS") to immediately obtain and preserve from destruction all records responsive to the Freedom of Information Act ("FOIA") request at issue in Count 3.[1] This request explained that Elon Musk ("Musk") "gave out his cell phone number during [a] closed-door meeting to GOP senators and told them he wants to work more closely with them," Annie Grayer, et al., *Republicans push Musk to let Congress vote on DOGE cuts*, CNN (Mar. 5, 2025, 10:37 PM), *at*

https://www.cnn.com/2025/03/05/politics/musk-doge-republicans/index.html (last accessed July 19, 2025), and "offered [Transportation Secretary Sean Duffy] his phone number" after a confrontation, Nikki McCann Ramirez & Asawin Suebsaeng, *Trump's cabinet sure seems pissed about Elon Musk*, Rolling Stone (Mar. 7, 2025), *available at*

https://www.rollingstone.com/politics/politics-news/musk-spars-trump-cabinet-officials-1235291830/ (last accessed July 17, 2025), and then sought "1) any record or records of all

---

[1] Plaintiff MSW Media, Inc., supports this Motion, but since Count 3 pertains to a request solely submitted by FAC, Plaintiffs determined that FAC should be the sole movant in this matter.

phone calls made or received using the phone number(s) that Musk gave to the Republican Senators and Secretary Duffy; and 2) all emails or other electronic text communications sent or received using the phone number(s) that Musk gave to the Republican Senators and Secretary Duffy." (1st Am. Compl., Dkt. #13, ¶ 55 (filed Apr. 10, 2025) [hereinafter Am. Compl.].).[2]

Because the Government maintains that USDS is not an agency subject to FOIA and that, even if it is, Musk was not a USDS employee, USDS has not performed a search for responsive records. Because it has not performed a search for responsive records, it has not identified any responsive records. Because it has not identified any responsive records, it has not excluded any responsive records from destruction. This problem is exacerbated because the Government refuses to answer even basic questions about the matter, such as if the cell phone in question is even in Government custody or if it was Musk's personal cell phone. (*See* Email from Bernie to McClanahan of 7/16/25 (responding to the question "was the cell phone that Musk used for official business (the number he gave out to other officials) a government-issued phone that the government continues to have possession of, or was it a non-government device" with "I am not in a position to make any representation regarding your question at this time"), attached as Ex. A.) FAC accordingly asks this Court to issue a preservation order because of the significant risk of destruction of responsive records during this litigation, which will cause definite informational harm to FAC which outweighs any speculative burden claimed by USDS.

FAC has good cause to request this relief for three primary reasons. First, as demonstrated in the First Amended Complaint, USDS—and presumably Musk—used the messaging app Signal to conduct official business for at least several months, which allows

---

[2] FAC stipulated that USDS could limit the scope of the request to calls or messages pertaining to the activities of the Department of Government Efficiency and further limit the scope to the last 500 phone calls, last 1000 emails, and last 5000 electronic messages as of the date of its first search. (*Id.* ¶ 56.)

messages to be set to disappear after a designated period of time. Alexandra Ulmer, Marisa Taylor, Jeffrey Dastin, & Alexandra Alper, *Exclusive: Musk's DOGE using AI to snoop on U.S. federal workers, sources say*, Reuters (Apr. 8, 2025), *at* https://www.reuters.com/technology/artificial-intelligence/musks-doge-using-ai-snoop-us-federal-workers-sources-say-2025-04-08/ (last accessed July 20, 2025). This by itself justifies a preservation order. *See, e.g.*, Notice, Dkt. #9, at 1 (filed Mar. 28, 2025), *Am. Oversight v. Hegseth*, No. 25-883 (D.D.C.) (memorializing court order to preserve Signal communications from senior agency officials' devices).

Similarly, when the Government's response to a request for a litigation hold—or even information about the device(s) in question—is simply to talismanically assert that "Defendants have complied and are complying with all preservation-related obligations" (Ex. A at 2), this raises serious questions about its compliance with preservation-related obligations. As noted above, the Government maintains that Musk was not a USDS employee (*id.* at 1 ("[O]ur position is that Elon Musk has never been an employee of either Defendant in this case.")), which makes its claim that *Defendants* are preserving records ring hollow, as far as Count 3 is concerned. If the Government had asserted that *the Government* is complying with its preservation-related obligations, that could arguably be sufficient,[3] but it has so far refused to do so.

Lastly, because the Government contends that Musk was not a USDS employee, it logically considers that any records from his cell phone would not be USDS records, even if USDS were found to be an agency subject to FOIA. It may well prevail on that argument later in the case. However, the standard for a preservation order is not absolute certainty that the records

---

[3] FAC would still request more specificity than a simple conclusory statement, however, since, if the Government is referring to the Presidential Records Act, that statute allows the President to destroy any Presidential records practically at will as long as he first asks the Archivist of the

are responsive to the FOIA request being litigated. The destruction of records *potentially* responsive to a FOIA request after the agency's receipt of the request is considered "contumacious conduct" by the D.C. Circuit. *Chambers v. Dep't of the Interior,* 568 F.3d 998, 1004 (D.C. Cir. 2009). In other words, even if USDS might ultimately prevail in either arguing that it is not subject to FOIA or that the records from Musk's phone are not agency records, it also might not. As long as there is a potential that USDS would need to process these records for release, *it still has to preserve them*.

FAC explained its evidence that Musk was in charge of USDS at great length in its First Amended Complaint (Am. Compl. ¶¶ 30-42), and it will not unnecessarily repeat itself here. The Court does not need to decide this ultimate question now; it does not even need to decide if FAC is *likely* to prevail. It only needs to decide if FAC could *potentially* prevail in order to trigger the Government's preservation-related obligations. Therefore, rather than waiting until after the records are destroyed and FAC has been irreparably harmed by their loss, FAC is reasonably asking the Court to ensure that this harm does not come to pass, which it has virtually unlimited equitable authority to do. *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("FOIA imposes no limits on courts' equitable powers in enforcing its terms.").

USDS opposes this Motion. A proposed Order accompanies this Motion.

---

United States for an opinion and is informed that the Archivist will not inform Congress: not a terribly high bar to clear. 44 U.S.C. § 2203(c).

Date: July 21, 2025

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        D.C. Bar #984704
        National Security Counselors
        1451 Rockville Pike
        Suite 250
        Rockville, MD  20852
        501-301-4672
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiffs*