UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MSW MEDIA, INC. and FIRST AMENDMENT COALITION,<br>          Plaintiff,<br><br>     v.<br><br>U.S. DOGE SERVICE and OFFICE OF MANAGEMENT AND BUDGET,<br>          Defendants. | Case No. 1:25-cv-1933-JEB |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRESERVATION ORDER

Plaintiffs' motion for a preservation order has no factual or legal basis. Plaintiffs seek preservation of phone calls, emails, and electronic text communications from an unspecified phone belonging to Elon Musk. In support of this motion, Plaintiffs cite news reports that Mr. Musk, then a Senior Advisor in the White House Office, gave his cell phone number to several Senators and to the Secretary of an agency that is not a defendant in this case. ECF No. 42 (Motion). The motion contains nothing more. The Amended Complaint similarly just notes the same news reports that Mr. Musk provided his cell phone number to public officials. Am Compl. ¶ 38. From this reported fact alone, Plaintiffs extrapolate that Mr. Musk may have used this phone to create government records that were not or are not being preserved.

The many defects here are apparent: (1) Plaintiffs provide no allegations about what phone number Mr. Musk allegedly gave these public officials; (2) they provide no allegations about whether this number was for a personal or government phone; (3) they provide no allegations that Mr. Musk used that phone to create government records, let

alone government records that have not been preserved. And the United States DOGE Service (USDS) does not know any of this information either. Mr. Musk has left the government and, as USDS has explained in numerous other cases, Mr. Musk was a member of the White House Office, not a USDS employee. And even putting that aside, neither the Amended Complaint nor the motion provides any facts suggesting that USDS would know what phone number Mr. Musk allegedly provided to these officials.

Plaintiffs' bare speculation is patently insufficient to justify the relief they request. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (alterations in original) (*quoting Winter*, 555 U.S. at 20). "The moving party bears the burden of persuasion and must demonstrate, 'by a clear showing,' that the requested relief is warranted." *Hospitality Staffing Solutions, LLC v. Reyes*, 736 F. Supp. 2d 192, 197 (D.D.C. 2010) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).

As this Court recognized in denying a similar motion for a preservation order against USDS, these requirements apply fully to motions for a preservation order, which is a type of injunction. *See Project on Government Oversight v. Trump et al.* (*POGO*), 1:25-cv-00527-JEB, ECF No. 23 at 5. An argument that Mr. Musk has a phone, that he allegedly provided the phone number for that phone to public officials so that they could contact him, that that phone *may* have been a personal phone, that Mr. Musk *may* have used that phone

to create records, and that those records *may* not have been preserved is obviously not a basis for the injunction they seek.

Plaintiffs' argument that "the Government refuses to answer even basic questions about the matter, such as if the cell phone in question is even in Government custody or if it was Musk's personal cell phone" is not well taken. Motion at 2. For the reasons stated above, USDS "refuses" to answer these questions because it is impossible for USDS to answer them, based on news reports that someone who is not currently in the Government, and who was never a USDS employee, provided an unspecified phone number to public officials. And even if USDS could answer these questions, USDS is under no obligation to provide Plaintiffs with information to support a motion that Plaintiffs have brought without any factual or legal basis.

Even were the Court to put aside all of these threshold defects, a preservation order would be unwarranted for all of the same reasons the Court explained in *POGO*: (1) USDS has submitted sworn declarations in other litigation making clear that it recognizes its obligations to comply with the Presidential Records Act (PRA) and does in fact comply with it; (2) "any PRA-compliant records-retention policy necessarily also obeys the strictures of the" Federal Records Act; (3) "Defendants have given the Court ample reasons to believe that they are complying with the PRA, and Plaintiff has not refuted those representations" (nor have Plaintiffs in *this case* attempted to do so); and (4) USDS is also subject to broad preservation orders as a result of other litigation. *POGO*, ECF No. 23 at 6-14. The Court should summarily deny Plaintiffs' motion.

Dated: July 25, 2025                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        ELIZABETH J. SHAPIRO
                                        Deputy Branch Director

                                        _/s/ Andrew M. Bernie_
                                        Andrew M. Bernie
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW
                                        Washington, D.C. 20005
                                        (202) 353-7203
                                        andrew.m.bernie@usdoj.gov
                                        *Attorneys for Defendants*

4