UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MSW MEDIA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DOGE SERVICE, et al.,<br><br>    Defendants. | Civil Action No. 1:25-cv-01933 (JEB) |

**MOTION FOR PARTIAL RECONSIDERATION OF
THE COURT'S FEBRUARY 3, 2026 MINUTE ORDER**

Defendants hereby notify the Court of compliance with the Court's February 3 order as to Secretary of Transportation Sean Duffy and respectfully request partial reconsideration as to Defendants' obligations to make inquiries of United States Senators. Consistent with the Court's order, Defendants have transmitted a letter to Secretary Duffy inquiring whether the Secretary has a record of or can recall any telephone number(s) that Elon Musk gave between January 20 and May 31, 2025. Defendants will report on any information received from the Secretary in next week's status report. As to the Court's order requiring the same inquiry of members of the United States Senate, Defendants respectfully request reconsideration for the reasons provided below.

**1.**     The portion of the Court's order requiring the Executive Branch to request information from sitting U.S. Senators raises considerable separation-of-powers concerns. The Constitution divides political power between the Executive and Legislative Branches. By that document's design, the two are engaged in everyday back-and-forth requests, negotiation, and compromise. These formal and informal processes result in the adoption of legislation, the confirmation of presidential nominees, and the testimony of Executive Branch officers in

Congress. In recent years, a body of case law has highlighted the Judiciary's longstanding reluctance to insert itself into information exchanges between Congress and the Executive. That process instead has historically "been hashed out in the hurly-burly, the give-and-take of the political process between the legislative and the executive." *Trump v. Mazars USA, LLP*, 591 U.S. 848, 859 (2020) (citation omitted). Yet here, the Court's order usurps that longstanding process, ordering the Executive Branch to request information from Congress.

The Court's order—requiring the Executive to request information from Congress—also raises special concerns where, as here, the plaintiff's lawsuit arises out of the Freedom of Information Act. Congress made clear its intent to exclude itself from that statute's operation. In adopting FOIA, Congress limited the law's sweep to "agenc[ies]" and emphasized Congress's exclusion by expressly stating that the term agencies "does not include . . . the Congress." 5 U.S.C. § 551(1)(A). The D.C. Circuit has previously shielded from disclosure agency records controlled by Congress. *See, e.g.*, *United We Stand America, Inc. v. I.R.S.*, 359 F.3d 595, 605 (D.C. Cir. 2004); *ACLU v. CIA*, 823 F.3d 655, 667-68 (D.C. Cir. 2016) (affirming dismissal of FOIA case for lack of subject matter jurisdiction because congressional records are not agency records). Defendants have not located any case in which a court ordered an agency to inquire of a member of Congress for a FOIA-related matter relating to the agency's records. Doing so here risks setting a precedent that FOIA requesters can demand that the Executive Branch seek information from members of the Legislative Branch whenever there is a chance such information could shed light on a FOIA request.

2. Aside from the separation-of-powers sensitivities inherent in a court directing the Executive Branch to request information from sitting U.S. Senators for the gain of a private litigant, Plaintiffs' request misuses FOIA. Plaintiffs' FOIA request makes records' responsiveness depend

on information that their request does not identify and which they instead seek to require Defendants to investigate—a phone number that Elon Musk provided to certain individuals in 2025. But FOIA is not a license to force agencies to investigate and track down the answers to questions. Rather, FOIA permits a plaintiff the right to seek an order "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Agencies must only conduct a reasonable and adequate search of *their own* records "because 'possession or control' of the documents at issue is, in most circumstances, 'a prerequisite to FOIA disclosure duties.'" *Gawker Media, LLC v. Dep't of State*, 266 F. Supp. 3d 152, 158 (D.D.C. 2017) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)).

The law is clear that there is no requirement for an agency reach out to "a third party to obtain possession" of documents no longer in the agency's control because that "is not a withholding under the Act." *Kissinger*, 445 U.S. at 151. But Plaintiffs are asking the Court to do something akin to that—demanding that Defendants "move heaven and earth to locate and produce requested records" by searching every possible means of locating information even if it is outside the agency's control. *See Gawker Media*, 266 F. Supp. 3d at 158 ("[A]n agency need not move heaven and earth to locate and produce requested records, and this is so even when the sought-after documents are known to exist and to have once been in the agency's possession."). Plaintiffs cannot compel Defendants to make inquiries of sources outside Defendants' control, and the Court should not permit such an inquiry under the guise of record preservation.

3.      Finally, the Court should reconsider its order because Plaintiffs are equally well situated as Defendants to make an inquiry of third parties. "It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy

at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (cleaned up). Here, Plaintiffs do not need any remedy at all for an inquiry to be made of U.S. Senators or any third party. The Court could direct Plaintiffs to make an inquiry of the U.S. Senators if appropriate, or Plaintiffs could make such inquiry on their own volition. After all, the Court has not ordered the Defendants to use any special authority they possess in transmitting a request (nor are Defendants aware of any such authority). None of the Defendants have any measure of control over the U.S. Senators (or over the Secretary of Transportation). Especially against the backdrop of the sensitive relationship between the Executive and Congress and Congress's exclusion of itself from FOIA, the Court should direct Plaintiffs to make any necessary inquiry of the third-party Senators.

Defendants thus respectfully request that the Court reconsider that portion of its order requiring Defendants to make inquiries of members of the United States Senate. Pursuant to Local Civil Rule 7(m), Defendants conferred with Plaintiffs' counsel, who relayed that Plaintiffs oppose this motion and intend to file a brief to that effect.

Dated: February 17, 2026                    Respectfully submitted,

                                                      BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch, Civil Division

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-5486
Email: christian.r.dibblee@usdoj.gov

*Counsel for Defendants*