UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MSW MEDIA, INC., *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 1:25-cv-01933 (JEB) |
| U.S. DOGE SERVICE, *et al.*, | * |
| Defendants. | * |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S FEBRUARY 3, 2026 MINUTE ORDER**

After the Court ordered Defendant United States DOGE Service ("USDS") to do the bare minimum to determine which device(s) Elon Musk ("Musk") used to conduct official government business and preserve responsive records from those devices, USDS now comes back to this Court two weeks into its three-week compliance period to ask it to reconsider its order for nebulous "considerable separation-of-powers concerns." (Defs.' Mot. Part. Recons. Court's Feb. 3, 2026 Min. Order, Dkt. #55, at 1 (filed Feb. 17, 2026) [hereinafter USDS's Mot.].) Since this Court's order implicates none of the issues about which USDS complains, coupled with the fact that USDS has rejected numerous opportunities to ascertain this information elsewhere, the Court should decline USDS's effort to be rescued from the consequences of its own intransigence.

In the interest of time, Plaintiff First Amendment Coalition ("FAC") will only briefly respond to the objections raised by USDS at this late date, in roughly the order in which USDS states them. However, as a principal matter, FAC will remind the Court and USDS that its undersigned counsel actually *proposed* an alternative solution in the 3 February 2026 Hearing

...

which would not require "mak[ing] inquiries of United States Senators," and USDS refused to entertain the idea. The undersigned proposed:

> I think that, for instance, other USDS people, other employees, other members of even the White House office where they keep arguing that, you know, Mr. Musk was not a USDS employee, he was working for the White House, they also presumably got messages from Elon Musk. And so you don't have to go to Secretary Duffy. You don't have to go to the senators. You don't have to go to Elon Musk. You can just search the records they already have, find Signal messages in the USDS devices that still exist, that are still at the White House, and look for messages from Elon Musk. And if one of them is not the executive branch or the executive branch issued phone, then preserve it and fight later about whether or not that's the phone that was given to Secretary Duffy, that was given to the senators. But it might be. It's enough to trigger a preservation order.

(Tr. of 2/3/26 Mot. Hrg., Dkt. #53, at 7:17-8:8 [hereinafter 2/3/26 Tr.].)

In response to a proposal which would involve *no* communications with Senators, USDS's counsel complained that "hav[ing] USDS employees, for lack of a better term, search some of their records to find if they got Signal messages from Mr. Musk using this phone number" (*id.* at 10:3-6) would be "a little bit premature" (*id.* at 10:12-13) because "I don't think that USDS needs to start just uncovering every single rock" (*id.* at 11:9-10). Now, two weeks later, USDS comes back to this Court arguing that it cannot be ordered to contact Senators, without making a single effort to obtain the information any other way.[1] USDS *could* have stated that it was searching USDS records—or even simply *asking Musk*—and therefore it should not be required to contact the Senators, and in such an instance FAC might have even consented to this Motion. But when USDS asks for reconsideration but offers no alternative solution beyond simply *not doing it*, this Court should decline the invitation to save USDS from a problem of its own making.

---

[1] USDS does state that it has made inquiries of Secretary Duffy, but that does not resolve the question of what phone number(s) Musk gave to the Senators in question.

2

In addition to the equitable reasons cited above, the Court should deny USDS's motion for the simple reason that none of its legal arguments remotely apply to this case. For instance, USDS attempts to analogize an order to ask a handful of Senators two questions about a meeting—"Did Elon Musk give you his phone number?" and "If so, what number did he give you?"—to an order compelling the public disclosure of congressional records under FOIA and then argues that "[d]oing so here risks setting a precedent that FOIA requesters can demand that the Executive Branch seek information from members of the Legislative Branch whenever there is a chance such information could shed light on a FOIA request." (USDS's Mot. at 2.) FAC agrees with USDS that the Court likely did not intend to authorize requesters to demand that agencies consult Congress whenever it might help fulfill a FOIA request, although FAC's confidence in that assessment is due to the fact that no reasonable person would interpret the Court's Order in such an irrational and hyperbolic manner.

Similarly, FAC agrees that "FOIA is not a license to force agencies to investigate and track down the answers to questions" and that agencies are not required to "move heaven and earth to locate and produce requested records." (*Id.*) However, as pursuing a lead to ascertain the location of records in need of preservation is neither "investigat[ing] and track[ing] down the answers to questions" nor "mov[ing] heaven and earth to locate and produce requested records," these concerns are similarly overblown, even *if* one accepts the dubious premise that asking such a question is comparable to searching for records. *Accord Kowalczyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996) (holding that, when performing a search, an agency may not "ignore what it cannot help but know" when faced with "a lead so apparent that the [agency] cannot in good faith fail to pursue it").

Lastly, USDS complains that it should not be ordered to make inquiries of the relevant Senators because "Plaintiffs are equally well situated as Defendants to make an inquiry of third parties." (USDS's Mot. at 3.) Of the arguments raised by USDS, this one comes the closest to making sense, but it founders on a basic truth: only USDS knows what Senators were in "what presumably are closed-door meetings." (2/3/26 Tr. at 6:17-18.) USDS's counsel even proposed "USDS ask[ing] Secretary Duffy and perhaps other policymakers who were in the meeting that's referenced in the complaint." (*Id.* at 11:14-16.) Simply put, FAC has no way of knowing which Senators it should direct such inquiries *to*, and the Court should easily reject the proposal that it would be inequitable to order the only people who know their identities to ask the relevant Senators the two questions referenced above, simply because a private organization could conceivably send blind inquiries to the offices of 100 Senators in an attempt to ascertain who was even *there* let alone what they remember. This is even assuming that an inquiry sent to the office of a sitting Senator by a private organization would even be *read* by the Senator to the same extent that a formal inquiry from an agency in the White House or the United States Department of Justice would be. The Legislative Branch and the Executive Branch are co-equal branches of government; the same cannot be said of the Legislative Branch and the First Amendment Coalition.

If USDS's Motion is any indication, FAC is concerned that USDS's response to the Court's reasonable Order will only be "a start" (*id.* at 11:19) and not the solution to the problem at hand. However, regardless of whether future argument will be necessary over whether compliance with the Court's Order will be enough, it is beyond cavil that it is the bare minimum USDS must be required to do. USDS's frivolous Motion should accordingly be denied.

Date:   February 20, 2026

                                            Respectfully submitted,

                                            /s/ Kelly B. McClanahan
                                            Kelly B. McClanahan, Esq.
                                            D.C. Bar #984704
                                            National Security Counselors
                                            1451 Rockville Pike
                                            Suite 250
                                            Rockville, MD  20852
                                            501-301-4672
                                            240-681-2189 fax
                                            Kel@NationalSecurityLaw.org

                                            *Counsel for Plaintiff*