**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MSW MEDIA, INC., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-01933 (JEB) |
| | * | |
| U.S. DOGE SERVICE, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT

On 13 April 2026, the *Washington Post* published an exposé on the so-called "Department of Government Efficiency" or "DOGE," which was ostensibly folded into the newly named "U.S. DOGE Service" ("USDS") on 20 January 2025. Meryl Kornfield, *New disclosures reveal how DOGE actually worked*, Wash. Post (Apr. 13, 2026), *at* https://www.washingtonpost.com/politics/2026/04/13/doge-musk-trump-deposition-videos-chatgpt/ (last accessed Apr. 14, 2026). This article was largely sourced from depositions taken during discovery in the case *American Council of Learned Societies v. Wolfson*, No. 25-3657 (S.D.N.Y.), which are available on the Internet at https://www.mla.org/Resources/Advocacy/Joint-Lawsuit-over-Dismantling-of-National-Endowment-for-the-Humanities/Discovery-Documents-in-NEH-Lawsuit.

The first sentence of the *Washington Post* article reads: "Members of the U.S. DOGE Service spoke regularly over Signal, the encrypted chat service that can auto-delete messages." Ex. B at 1. Despite this fact, which Plaintiffs alleged multiple times in this case, and which was drawn from sworn testimony of government officials, USDS asks this Court to conclude from its ambiguous and suggestive statements about Elon Musk ("Musk") that the functional *head of*

*USDS*—or even, as USDS insists, an Advisor to the President who worked *with* USDS but not *for* USDS—never himself used Signal because the official phone issued to him by the Executive Office of the President did not have it installed. (Eisenhauer Decl., Dkt. #47, ¶ 8 (filed Sept. 11, 2025).) In response to Plaintiffs and this Court pointing out the widely publicized preference for Signal expressed by Musk and other DOGE members, USDS conducted a search which would never return any information from Signal accounts. The Court should reject this intentionally obtuse response on that basis alone.

However, even if Musk had *never* used Signal, the searches conducted by USDS would still fall far short of a good faith effort. To demonstrate the infirmities of USDS's search efforts—and show that those flaws were most likely intentional and not the product of sloppy work or mistakes—Plaintiffs requested that a digital forensics and cybersecurity expert analyze USDS's Status Report, and they have attached his declaration as Ex. A. Plaintiffs request that the Court review this sworn Declaration in its entirety, and they only summarize the most salient points herein:

- The search failed to utilize email addresses and user accounts known to be used by Musk. (Ex. A ¶ 9.)

- The search failed to include the number for Musk's government-issued cell phone, and that number was not even identified (*Id.* ¶¶ 10, 17.)

- The search for mentions of Musk's number would only return results if someone literally typed "Elon" or "Musk" within three words of "phone," "cell," or "number." (*Id.* ¶¶ 11, 21.)

- The search for contact information would not return a result unless a staff member deliberately added a contact on their phone and gave it the name "Elon" or "Musk." (*Id.* ¶¶ 14-16.)

- The search was limited to thirteen staff members and appears not to have included any of Musk's close advisors. (*Id.* ¶ 19.)

- The search excluded any staff members who would have communicated with Musk in early 2025 but were no longer employed by USDS in April 2026, even though their information would be stored in the Outlook server USDS searched. (*Id.* ¶ 20.)

- The search would not return any information created in Signal. (*Id.* ¶ 23.)

Similarly, sending one letter by email to the Secretary of Transportation and then doing nothing else does not constitute a good faith effort to obtain the information from Secretary Duffy, especially given how heavily the letter emphasized that he did not need to respond. (*See* Ltr. from Shumate to Duffy of 2/9/26, Dkt. #60-1, at 1-2 (filed Feb. 23, 2026) ("As noted above, you are not a defendant in this case, and the Department of Justice does not represent you in it. Any questions about this letter, *whether you respond to it*, and the Court's order should be directed to your attorneys. Any information *you choose to provide* in response to this inquiry may be provided to the Court or Plaintiffs. So that Defendants may meet their obligations under the Court's order in a timely fashion, we ask that *if you respond to this letter*, you do so by Wednesday, February 18, 2026.") (emphasis added).)

For these reasons, the Court should decline to give USDS a third opportunity to do a good faith search for this information and order it to either (1) *ask* senior USDS officials what phone numbers they used to communicate with Musk (including by Signal) in this time period,

or (2) *search* their physical devices for this information. Alternatively, the Court should authorize limited discovery into this matter, including a deposition of a senior USDS official who would have communicated with Musk during this time period. The Court could also order a responsible USDS official to appear for a hearing and testify under oath regarding the ways in which Musk communicated with USDS in the relevant time period. The Court has given USDS two opportunities to comply in good faith with its Orders in this matter, and USDS squandered both of them.

Date:   April 14, 2026                              Respectfully submitted,

                                                      /s/ Kelly B. McClanahan
                                                    Kelly B. McClanahan, Esq.
                                                    D.C. Bar #984704
                                                    National Security Counselors
                                                    1451 Rockville Pike
                                                    Suite 250
                                                    Rockville, MD  20852
                                                    501-301-4672
                                                    240-681-2189 fax
                                                    Kel@NationalSecurityLaw.org

                                                    *Counsel for Plaintiffs*