**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MSW MEDIA, INC., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:25-cv-01933 (JEB) |
| | * | |
| U.S. DOGE SERVICE, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * *

## PLAINTIFFS' NOTICE OF NEW DEVELOPMENT

Pursuant to the Court's 19 March 2026 Order (Dkt. #61), Defendants filed a status report on 3 April (Dkt. #62), to which Plaintiffs responded on 14 April (Dkt. #64). The Court has not yet resolved the controversy between these filings concerning Plaintiffs' attempt to compel Defendants to preserve records responsive to their requests. Plaintiffs now draw the Court's attention to a recent development which directly affects this dispute.

Many—if not all—of the records in controversy in this dispute reside on devices used by Elon Musk, the former head of the U.S. DOGE Service. Because Mr. Musk left government service in May 2025, Defendants have implied that they are unable to obtain information directly from him. On 30 September, however, Mr. Musk appeared to return to government service, taking a leadership role in the Department of Defense's Project Meridian. *See*, *e.g.*, Morgan Phillips, *Elon Musk lands new Trump administration role shaping future of American warfare*, Fox News (Sept. 30, 2026), *at* https://www.foxnews.com/politics/elon-musk-lands-new-trump-admin-role-shaping-future-american-warfare (last accessed Oct. 1, 2026) ("Musk, the former leader of the Trump administration's Department of Government Efficiency (DOGE), will lead

the effort alongside defense tech billionaire Palmer Luckey and former House Speaker Newt Gingrich under the direction of War Department Chief Technology Officer Emil Michael.”).

While the precise nature of Mr. Musk’s involvement is unclear, the evidence suggests that he has been hired as a Special Government Employee again: the status he maintained the last time he served in the Executive Branch. Project Meridian has not been established under the Federal Advisory Committee Act, which necessarily means that a private citizen cannot hold a leadership position underneath a government employee in it.

If Mr. Musk is a government employee, special or otherwise, Defendants and the Department of Justice can compel his responses to the questions at the heart of this dispute and can even arguably search his devices for responsive federal records. This is a significant development in this dispute, and Plaintiffs request that the Court take it into account when determining the appropriate relief, if any, to which Plaintiffs are entitled at this point in the case.

Date: October 1, 2026

Respectfully submitted,

/s/ Kelly B. McClanahan

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*